PIO TAUASOSI, Appellant

v.

AMERICAN SAMOA GOVERNMENT, Appellee

High Court of American Samoa
Appellate Division

AP No. 19-86

January 5, 1988

Before KRUSE, Associate Justice, KING*, Acting Associate Justice, O'SCANNLAIN**, Acting Associate Justice, and AFUOLA, Associate Judge.

Counsel: For Appellant, Aumoeualogo Soli, Public Defender
For Appellee, Tauivi Tuinei, Assistant Attorney General

PER CURIAM:

At about 11:00 in the dark of the night on April 12, 1986, at Amaluia, American Samoa, Pio Tauasosi, in the course of a series of events including rock throwing, house burning, and beer drinking, and for reasons best known to himself, fired a shotgun in the general direction of moving human figures nearby. Thereafter, Taesale Nelson was found dead with shotgun pellets in his left side, skull, and heart; Tuifanua Taetuna was found to have sustained gunshot injuries to his legs; and Ropati Hicks was found to have received three shotgun pellets in his stomach area and one shotgun pellet in an arm.

On April 28, 1986, an information was filed in the Trial Division of this Court charging Pio Tauasosi in three counts with (count I) murder in the second degree for the death of Taesale Nelson, (count II) assault in the second degree for the injuries to Tuifanua Taetuna, and (count III) assault in the second degree for the injury to Ropati Hicks.

Pio Tauasosi was tried on this information on July 25, 1986, and found not guilty as charged on each count. However, the trial court found him guilty of an assault in the first degree as a lesser included offense under count I in that "the

---

* Honorable Samuel P. King, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Diarmuid F. O'Scannlain, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Defendant did attempt to kill or cause serious physical injury" to someone. Judgment and sentence of 10 years imprisonment were entered on September 2, 1986.

In an opinion filed on October 20, 1986, denying a motion in arrest of judgment, Chief Justice Rees for himself and Judge Fruean wrote in part:

> At the conclusion of the evidence, both judges were strongly of the opinion that the shot fired by the defendant was the same one that killed Sale Nelson and injured the two other boys. We did not, however, believe that the evidence established this beyond a reasonable doubt. [There was a suggestion that someone else had fired another shotgun, although there was no physical evidence of such an event.] We were therefore bound to acquit the defendant of murder.
> The Court did find, however, that the defendant fired at someone. . . . Noting the well-established presumption that one who fires a gun at someone intends to kill him, the Court therefore found defendant guilty of assault in the first degree. . . . Since the evidence did not establish beyond a reasonable doubt that the defendant had intended to shoot more than one person or that he actually did shoot more than one person, he was acquitted of the two second-degree assault counts.

The motion in arrest of judgment and this appeal argue that assault in the first degree is not a lesser included offense of count I of the information as charged, and that defendant was therefore convicted of an offense of which he had no notice.

Murder in the second degree is defined by A.S.C.A. § 46.3503 as follows:

> (a) A person commits the crime of murder in the 2nd degree if:
> (1) he intentionally causes the death of another person;
> (2) knowing that his conduct will cause death or serious physical

7

injury, he causes the death of another person; or
(3) under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death and thereby causes the death of another person.
(b) Murder in the 2nd degree is a class A felony.

Assault in the first degree is defined by A.S.C.A. § 46.3520 as follows:

(a) A person commits the crime of assault in the 1st degree if:
(1) he purposely or knowingly causes serious physical injury to another person; or
(2) he attempts to kill or cause serious physical injury to another person; or
(3) under circumstances manifesting extreme indifference to the value of human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes serious physical injury to another person.
(b) Assault in the 1st degree is a class B felony unless committed by means of a deadly weapon or dangerous instrument, then it is a class A felony.

Assault in the second degree is defined by A.S.C.A. § 46.3521 as follows:

(a) A person commits the crime of assault in the 2nd degree if:
(1) he knowingly causes or attempts to cause physical injury to another person by means of a deadly weapon or dangerous instrument;
(2) he recklessly causes serious physical injury to another person; or
(3) he attempts to kill or to cause serious physical injury or causes serious physical injury under circumstances that would constitute

8

assault in the 1st degree under 46.3520, but:

(A) acts under the influence of extreme emotional disturbance for which there is a reasonable explanation or excuse; the reasonableness of the explanation or excuse is determined from the viewpoint of an ordinary person in the actor's situation under the circumstances as the actor believes them to be; or

(B) at the time of the act, he believes the circumstances to be that, if they existed, would justify killing or inflicting serious physical injury under the provisions of 46.3301 et seq., but his belief is unreasonable.

(b) The defendant has the burden of injecting the issues of extreme emotional disturbance under subparagraph (a)(3)(A) or belief in circumstances amounting to justification under subparagraph (a)(3)(B).

(c) Assault in the 2nd degree is a class D felony.

The information under which Pio Tauasosi was tried reads as follows:

COUNT[I]: the above named defendant is charged with the crime of Murder in the Second Degree in that on or about April 12, 1986, at or around 11:00 p.m., at or near Amaluia, American Samoa, he recklessly engaged in conduct which create a grave risk of death and thereby causes the death of another person, to wit: defendant fired a shotgun toward certain people at night causing the death of Taesale Nelson in violation of A.S.C.A. 46.3503; Murder in the Second Degree; A Class A felony; Maximum penalty--Life Imprisonment.

COUNT [II]: [T]hat above named defendant is also charged with crime of Assault in the Second Degree that on or about April 12, 1986, at or around 11:00 p.m., at or near Amaluia, American Samoa, he causes or attempt to cause physical injury to another person by means of a deadly weapon or dangerous instrument, to

9

wit: defendant fired his shotgun toward certain people causing physical injury to Tuifanua Tuifanua in violation of A.S.C.A. Section 46.3521, Assault in the Second Degree; A Class D felony; Maximum penalty - 5 years imprisonment.

COUNT [III]: [Same as COUNT II, except for naming Ropati Hicks in place of Tuifanua Tuifanua].

Count I of the information references the entirety of A.S.C.A. 46.3503. However, it clearly tracks the language of A.S.C.A. 46.3503(a)(3). Counts II and III of the information reference the entirety of A.S.C.A. 46.3521. However, they clearly track the language of A.S.C.A. 46.3521 (a)(1). All counts leave out significant statutory language. Count I does not allege that the defendant acted "under circumstances manifesting extreme indifference to human life." Counts II and III do not allege that the defendant acted "knowingly."

By inadvertence, the judgment and sentence actually signed and filed on October 20, 1986, referenced A.S.C.A. 46.3520(a)(3). In his oral statement at the time of announcing his verdict, the trial judge was clearly basing the verdict of guilty of a lesser included offense under count I on A.S.C.A. 46.3520(a)(2). Defendant's counsel moved to have the judgment corrected, and the government concedes that this motion was granted, although a written motion to this effect was not filed until July 1, 1987, and no written order granting the motion appears in the record on appeal.

Thus, the principal issue presented to this court is whether an attempt to kill or to cause serious physical injury to another person, as defined by A.S.C.A. 46.3520(a)(2), is a lesser included offense under the charge contained in count I of the information.

Appellant argues that count I by its precise language charges only reckless conduct as prohibited by A.S.C.A. 46.3503(a)(3), whereas assault in the first degree as prohibited by A.S.C.A. 46.3520(a)(2) requires proof of specific intent.

10

We agree with Appellant. The situation is similar to that which was presented to the Supreme Court of Maine in State v. Colson, 405 A.2d 717 (Me. 1979). There an indictment was brought charging that the defendant "did by force and against her will compel [a female] to engage in sexual intercourse, [the female] not being his spouse." The indictment tracked the language of subsection (1)B(1) of the rape statute. Id. The indictment did not include the language of subsection (1)B(2) which defines another form of compulsion, that is, a "threat that death, severe bodily injury, or kidnapping will be imminently inflicted on the person or any other person." The trial judge found that the defendant compelled the female to submit not by physical force but by implied threats of lesser magnitude than "death, serious bodily injury, or kidnapping," but that this was sufficient proof of the crime of rape. Id. The appellate court held that the specific grounds charged not having been proved, and the alternative grounds found not having been charged, the conviction could not stand. Id. at 721.

Here the statutes make a distinction among three definitions of murder in the second degree. The first two require proof of specific intent. The third requires proof only of reckless conduct. The statutes also make a distinction among three definitions of assault in the first degree. The first two require proof of specific intent. The third requires proof only of reckless conduct.

Pio Tauasosi was charged in count I with murder in the second degree committed as a result of reckless conduct as defined by A.S.C.A. 46.3503(a)(3). No specific intent was required to be proven under this charge. Assault in the first degree as defined in A.S.C.A. 46.3520(a)(2) requires proof of specific intent. Therefore, it cannot be a lesser included offense under A.S.C.A. 46.3503(a)(3).

The judgment of the Trial Division adjudging Pio Tauasosi guilty of assault in the first degree as defined by A.S.C.A. 46.3520(a)(2) is, therefore, REVERSED.